WOLKER, PLAINTIFF AND APPELLANT, *v.* COMPAÑÍA FERROVIARIA DE CIRCUNVALACIÓN DE PUERTO RICO, DEFENDANT AND APPELLEE.

APPEAL from the Second District Court of San Juan in an Action for Damages.

No. 2832.—Decided May 22, 1924.

DAMAGES—PARTIES.—It having been proved that the defendant does not operate the railroad that caused the damage for which the plaintiff seeks to recover, the latter has no cause of action against the former.

The facts are stated in the opinion.

*Mr. A. Marín Marién* for the appellant.

*Mr. M. Acosta Velarde* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

As the names of the Compañía de Ferrocarriles de Puerto Rico, Compañía Ferroviaria de Circunvalación de Puerto Rico and the American Railroad Company of Porto Rico will be used frequently in the course of this opinion, we abbreviate them in the following form: The first will be called the Railroad Company, the second the Circumvallation Company and the third the American Company.

The plaintiff in this suit seeks to recover for damages to his automobile in an attempt to avoid a collision with a freight train that was crossing the road between Carolina and Río Piedras at a place near the Progreso Central. He brought his action against the Circumvallation Company, alleging that it is a public service corporation engaged in

the transportation of passengers and freight by railroad and that on September 22, 1920, the defendant was transporting freight or passengers between San Juan and Carolina, using locomotives and freight cars on the track which crosses the road at that place, and was operating the said line under the name of the American Company, although it was its successor.

The defendant made a general denial of each and all of the allegations of the complaint and after a trial judgment was rendered dismissing the complaint, whereupon the plaintiff raised the present appeal.

One of the grounds on which the trial court based its judgment was that the defendant, the Circumvallation Company, was not responsible for the accident for which damages are claimed for the reason that it was merely a stockholder of the American Company, which, according to the evidence, exercised authority over the train crews.

The evidence shows that the Railroad Company is the owner of the railroad line over which the American Company operates and that the Circumvallation Company does not operate or manage any railroad in this Island, it only having purchased through a syndicate stocks and bonds of the Railroad Company and the American Company; therefore, it can not be held liable for the acts of the employees of the American Company, which operates the railroads owned by the other company.

The only evidence presented by the plaintiff to show that his action was properly brought against the defendant is a letter written on July 24, 1920, by Emilio Jiménez, manager of the defendant, to the Public Service Commission, informing it that on April 10th of the same year a contract had been made between a representative of the stockholders of the Railroad Company and the stockholders and bondholders of the American Company of one part and a syndicate composed of three persons of the other part, in which it was agreed to sell to the syndicate the stock of the

Railroad Company, the purchasers to respect the outstanding bonds issued by the said company and to sell to the syndicate the stock of the American Company and its only bond issue, informing the commission further that the said syndicate and other persons had organized a public service company under the name of the "Compañía Ferroviaria de Circunvalación de Puerto Rico" for the purpose of acquiring all of the stock and bonds of the Railroad Company and all of the stock, bonds and assets of the American Company and of obtaining a transfer to it of the franchises and property of the Railroad Company. In that document it is said also that the syndicate had assigned its rights under that contract to the Circumvallation Company, which intended to acquire all or most of the stock and bonds of the said two companies, the assignment by the American Company of the operation contract that it had with the other company and the franchises and property of the Railroad Company. It was not proved that the Public Service Commission approved the said transactions.

As may be seen, that document does not prove that the defendant is operating the railroads, but just the opposite, for it is stated that the American Company operates them, although the Circumvallation Company purposes to take over the right of operation; nor does it prove that it holds all of the stock of the said corporation, although it intends to acquire all or the most of it. Besides, Emilio Jiménez, who is a director of the American Company and manager of the Circumvallation Company, testified positively that the American Company operates the trains running between San Juan and Carolina and that the Circumvallation Company is operating no trains, either under its own name or under the name of the American Company. Likewise, this evidence does not show that the American Company has transferred its business to the defendant, or even that it has acquired sufficient of its stock to give it the control of the business.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.